UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
THIRD DIVISION

UNITED STATES OF AMERICA,                                    Criminal No. 06-223(2) MJD/AJB

          Plaintiff,

v.                                                           **REPORT AND RECOMMENDATION**

JOSE LUIS ESPINOZA,

          Defendant.

Omar Atiq Syed, Esq., and Michael Cheever, Assistant United States Attorneys, for the plaintiff, United States of America;

Michael C. Davis, Esq., for defendant, Jose Luis Espinoza.

This action came on for hearing before the Court, Magistrate Judge Arthur J. Boylan, on August 18, 2006, at the U.S. Courthouse, 3300 South Fourth St., Minneapolis, MN 55415. The Court issued an Order on Motions dated August 21, 2006, reserving defendant Jose Luis Espinoza's Motion to Suppress Statement [Docket No. 31] for submission to the district court on report and recommendation.

Based upon the file and documents contained therein, along with testimony and exhibits received at hearing, the Magistrate Judge makes the following:

**Findings**

Defendant Jose Luis Espinoza was arrested on the evening of June 26, 2006, on charges relating to the sale of drugs. Following the arrest the defendant was transported to the Minneapolis Police Department narcotics office in downtown Minneapolis, Minnesota. Approximately

on hour after the arrest Minneapolis Police Officer Jose Francisco Gomez met with the defendant at the police station for purposes of conducting an interview. The defendant was wearing handcuffs. Officer Gomez read a <u>Miranda</u> advisory to the defendant in Spanish from a pre-printed card (Hearing Exh. No. 1). The officer speaks fluent Spanish and the defendant understood each of the rights as read to him in Spanish, item by item. The defendant agreed to speak with the officer without the assistance of an attorney. Thereafter, an interview took place, lasting approximately ten minutes. The interview was audio recorded with defendant's knowledge of the recording (Hearing Exh. No. 2). The defendant made no request for the assistance of a lawyer and made no request to stop the interview. The tone of the discussion was conversational, and no threats or promises were made to induce the defendant's cooperation. Prior to commencing audio-taping, Officer Gomez asked the defendant whether he wanted to cooperate with law enforcement. The officer proceeded with the taped interview after receiving no response to the cooperation question.

Based upon the foregoing Findings, the Magistrate Judge makes the following:

**<u>Conclusions</u>**

Suppression of statements made by defendant Jose Luis Espinoza to Minneapolis Police Officer Jose Francisco Gomez at a downtown Minneapolis Police station on the evening of June 26, 2006, is not required. Defendant's taped custodial statements were provided voluntarily and were not obtained in violation of defendant's constitutional rights. Defendant was properly advised and was able to understand and comprehend his rights pursuant to <u>Miranda</u> as accurately presented to him in Spanish from a written statement of rights card. He was not subjected to force, threats, or promises in exchange for his statements; his will was not overborne; and he knowingly, intelligently, and voluntarily

waived his right to remain silent and his right to have an attorney present during questioning.

Based upon the foregoing Findings and Conclusions, the Magistrate Judge makes the following:

## RECOMMENDATION

The Court **hereby recommends** that defendant Jose Luis Espinoza's Motion to Suppress Statement be **denied** [Docket No. 31].

Dated:     August 21, 2006


    s/ Arthur J. Boylan
Arthur J. Boylan
United States Magistrate Judge


Pursuant to Local Rule 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection.  This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals.  Written objections must be filed with the Court before September 6, 2006.

Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and file a complete transcript of the hearing within ten days of receipt of the Report.